IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| CEDRICK O'NEIL TUCKER, #291726, ) | |
| ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:08-2373-GRA-JRM |
| ) | |
| v. ) | ORDER |
| ) | |
| MR. CHRIS, SUPERVISOR OF ) | |
| GARDEN WATEREE ) | |
| CORRECTIONS INSTUTION; ) | |
| AND DR. MCKINNEY, DOCTOR ) | |
| AT KERSHAW CORRECTIONAL ) | |
| INSTITUTION, ) | |
| ) | |
| Defendants. **)** | |
| **)** | |

This matter comes before the Court for review of the magistrate's Report and Recommendation filed on February 13, 2009 made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d) (D.S.C.).  The Plaintiff has filed this action, *pro se*, seeking relief pursuant to 42 U.S.C. § 1983 alleging constitutional violations by the named defendants.  The defendants filed a motion for summary judgment pursuant to Rule 56, FED. R. Civ. P. on November 10, 2008. The magistrate issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the importance of a motion for summary judgment and the need for him to file an adequate response.  The magistrate issued an additional Order on January 26, 2009, advising the plaintiff that, if he wished to continue with his action, he must respond within fifteen days.  The plaintiff failed to respond.

Plaintiff brings this claim *pro se.*  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court.  The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions."  *Id.*

In order for objections to be considered by a United States District Judge, the objections must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections.  FED. R. CIV. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985).  "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed

findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). The plaintiff failed offered no objections.

After reviewing the record, and the Report and Recommendation this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

Wherefore, this action is hereby DISMISSED with prejudice pursuant to rule 41(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

                               G. ROSS ANDERSON, JR.
                               UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
March 11, 2009

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.